IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Matthew Seebachan and | § | |
| Marcia Seebachan, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 4:17-cv-694 |
| | § | |
| State Farm Mutual Automobile | § | |
| Insurance Company d/b/a State Farm, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANTS' ANSWER

Defendants State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") files this Answer to Plaintiffs' Complaint.

## I.   PARTIES

1.   Defendant is without sufficient information to admit or deny the allegations in paragraph 1.

2.   Defendant denies that it utilizes "State Farm" as a d/b/a.  State Farm admits the remaining allegations in paragraph 2.

## II.   JURISDICTION

3.   The allegations of paragraph 3 state conclusions of law to which no response is required.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations.

4.      The allegations of paragraph 4 state conclusions of law to which no response is required.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations.

### III.    FACTS

5.      Defendant is without sufficient information to admit or deny the allegations in paragraph 5.

6.      Defendant is without sufficient information to admit or deny the allegations in paragraph 6.

7.      Defendant is without sufficient information to admit or deny the allegations in paragraph 7.

8.      Defendant is without sufficient information to admit or deny the allegations in paragraph 8.

9.      Defendant is without sufficient information to admit or deny the allegations in paragraph 9.

10.      Defendant is without sufficient information to admit or deny the allegations in paragraph 10.

11.      Defendant is without sufficient information to admit or deny the allegations in paragraph 11.

12.      Defendant admits that John Eagle Collision Center had performed certain repairs on the subject vehicle, but is without sufficient information to admit or deny the precise manner

and methods of the repairs.  To the extent other allegations are raised in paragraph 12, Defendant is without sufficient information to admit or deny them.

13.      Defendant is without sufficient information to admit or deny the allegations in paragraph 13.

14.      Defendant is without sufficient information to admit or deny the allegations in paragraph 14.

15.      Defendant is without sufficient information to admit or deny the allegations in paragraph 15.

16.      Defendant is without sufficient information to admit or deny the allegations in paragraph 16.

17.      Defendant is without sufficient information to admit or deny the allegations in paragraph 17.

18.      Defendant denies that it dictated to John Eagle how the vehicle was to be repaired.  Defendant denies that John Eagle's representative testified that State Farm dictated to John Eagle how the Plaintiffs' car was to be repaired.  Defendant denies that it suggested use of adhesive rather than spot welding.  Defendant denies that it can, or did, "trump" the OEM (Honda) specifications.  To the extent alleged, defendant denies that it let profits "trump" safety. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 18.

19.     Defendant admits this is a repair estimate. To the extent alleged, Defendant denies this is the only repair estimate that was ever prepared for the subject vehicle.

20.     Defendant denies receiving a discount from John Eagle.  Instead, Defendant received credit for past payment to John Eagle in the amount of $3,580.31.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 20.

## IV.     CAUSE(S) OF ACTION AS TO DEFENDANT

21.     The allegations of paragraph 21 state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

22.     Defendant is without sufficient information to admit or deny the allegations in paragraph 22.

23.     Defendant is without sufficient information to admit or deny the allegations in paragraph 23.

24.     Defendant admits that it is an insurance company that sells insurance products, including auto insurance.  Defendant is without sufficient information to admit or deny the remaining, vague allegations in paragraph 24, which relate to any and all "insurance companies like State Farm."

25.     The allegations of paragraph 25 state conclusory allegations to which no response is required.  To the extent a response is required, Defendant denies that it dictated how to repair the subject vehicle, and to the extent alleged, denies that it was in any way negligent or showed a wanton disregard for human life and the safety of others.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 25.

26.     To the extent alleged, Defendant denies that it coerced or enticed any body shop to not follow vehicle manufacturer's procedures, cut corners, take safety shortcuts, or do anything that jeopardizes members of the motoring public.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 26.

27.     Defendant is without sufficient information to admit or deny the allegations in paragraph 27.

28.     Defendant is without sufficient information to admit or deny the allegations in paragraph 28.

29.     Defendant admits that some vehicles that have been or currently are covered by insurance policies sold by State Farm will be involved in accidents.  To the extent alleged, Defendant denies that it owed a legal duty to Plaintiffs as purchasers of this vehicle or that it foresaw their purchase of the vehicle or this accident.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 29.

30.     Defendant denies that it forced John Eagle to use deadly, dangerous, unproven, and untested adhesive rather than welds. Defendant also denies that it forced John Eagle to do anything in violation of OEM requirements.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant denies the allegations in paragraph 32.

33.     Defendant is without sufficient information to admit or deny the allegations in paragraph 33.

34.     The allegations of paragraph 34 state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 34.

35.     Defendant denies the allegations in paragraph 35.

36.     The allegations of paragraph 36 state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

38.     Defendant specifically denies that it coerced or forced John Eagle to perform substandard repairs, and specifically denies that the testimony of John Eagle's corporate representative states that such conduct occurred with respect to the repair of the subject vehicle, or any other repair for State Farm.  Defendant denies the remaining allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39.

## V.     DAMAGES TO PLAINTIFFS

40.     Defendant is without sufficient information to admit or deny the allegations in paragraph 40.

41.     Defendant denies the allegations in paragraph 41.

42.     Defendant denies the allegations in paragraph 42.

43.     Defendant denies that it is liable for the damages alleged in paragraph 43. Defendant is without sufficient information to otherwise admit or deny the allegations in paragraph 43.

## VI.     EXEMPLARY DAMAGES

44.     Paragraph 44 does not contain any factual allegations and does not require a response.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in paragraph 44, and incorporates its prior responses to the incorporated allegations.

45.     Defendant admits that its advertising has included references to it being "like a good neighbor."  Defendant denies the remaining allegations in paragraph 45.

46.     Defendant denies the allegations in paragraph 46.

47.     Defendant admits that its advertising has included references to it being "like a good neighbor." Defendant denies the remaining allegations in paragraph 47.

48.     Defendant denies the allegations in the first two sentences of paragraph 48. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

50.     Defendant denies that it dictated how the repair work was to be performed. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 50.

51.     Defendant is without sufficient information to admit or deny the allegations in the first sentence of paragraph 51.  Defendant denies the remaining allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

53.     To the extent a response is require to the allegations in paragraph 53, Defendant denies the allegations.

## VII.     AFFIRMATIVE AND OTHER DEFENSES

54.     Further, as separate defenses to each and every claim for relief of the Complaint, Defendant alleges as follows:

55.     The accident and any resulting injuries or damages were the result of negligent acts and/or omissions of persons and/or parties or non-parties over which Defendant had no control, including John Eagle Collision Center, which acts or omissions were a proximate cause, producing cause, sole proximate cause, or sole producing cause of the accident in question or any alleged resulting injuries or damages.  Accordingly, Defendant pleads its right to a determination of proportionate responsibility from any claimant, defendant, settling person or responsible third party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.  By so doing, Defendant does not admit liability and continues to deny the allegations asserted against it.

56.     Plaintiffs' claims fail under the doctrine of modified comparative fault.

57.     Plaintiffs' claim for exemplary damages fails because it does not limit exemplary damages to conduct that was the legal cause of Plaintiffs' injuries, and the jury instructions do not give adequate guidance in limiting punitive damages.

58.     Plaintiffs' claim for exemplary damages fails because it does not limit exemplary

damages to the amount allowed under §41.008 of the Tex. Civ. Prac. & Rem. Code

59.     Defendant pleads the defense of unconstitutionality, in that any award of punitive

or exemplary damages would constitute the imposition of a criminal penalty without the

safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the

United States, and similar provisions of the Texas Constitution. Furthermore, the imposition of

such punitive or exemplary damages, denies equal protection of the laws under the Fourteenth

Amendment and violates the due process clause of the Fifth and Fourteenth Amendments.

## VIII.   CONCLUSION AND PRAYER

60.     WHEREFORE, Defendant asks this Court to dismiss the complaint and enter

judgment in favor of the defendant.

Respectfully Submitted,

By: */s/ Wayne B. Mason*_____
      Wayne B. Mason
      Tex. Bar No. 13158950
      Wayne.Mason@dbr.com
      Jude T. Hickland
      Tex. Bar No. 24065416
      Jude.Hickland@dbr.com
      Nathaniel J. Billhartz
      Texas Bar No. 24097384
      Nate.Billhartz@dbr.com
      Drinker Biddle & Reath LLP
      1717 Main Street, Suite 5400
      Dallas, Texas  75201
      T: (469) 357-2500
      F: (469) 357-0860

      *Counsel for State Farm Mutual Automobile*
      *Insurance, Company*

**CERTIFICATE OF SERVICE**

This pleading was served in accordance with the Federal Rules of Civil Procedure on all counsel of record on this the 24th day of January, 2018.

*/s/ Jude T. Hickland*
Jude T. Hickland